John H. Galloway, Jr., J.
This is a motion under subdivision (g) of 5231 Civil Practice Law and Buies for an order setting aside or modifying income executions served upon the defendants herein.
The income executions here sought to be modified were issued out of the City Court of New Bochelle to the City Marshal of that city, to enforce a judgment against defendants entered in said City Court on April 27, 1961. Plaintiff contends that for this reason the instant motion is improperly brought in this court, but should be brought in the City Court of New Bochelle.
We are unable to agree with that contention. The “ income execution ” provided for in 5231 Civil Practice Law and Buies is the replacement of the “ garnishee” execution formerly governed by section 684 of the Civil Practice Act. Executions may be handled by any court whose court act provides for them (as does the New Bochelle City Court Act [L. 1931, ch. 499, as amd.]). Consequently subdivision (b) 5221 Civil Practice Law and Buies does not require executions to be issued only out of the courts specified in subdivision (a) of 5221. (See Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 7B, CPLB, art. 52, pp. 19, 21.)
Subdivisions (a) and (b) of 5230 do not on their face limit the issuance of a money judgment execution against property to the Supreme and County Courts, although 5230 is primarily concerned with executions issued out of those two courts, either because the judgment was rendered by them, or because, as to the judgments of lower courts, a transcript has been filed with the County Clerk.
Prior to issuance of a transcript by a lower court, enforcement by execution is carried out by the lower court’s own *1009 enforcement officer, and is governed by the court’s practice act (see McKinney’s Cons. Laws of N. Y., Book 7B, CPLR, art. 52, p. 152, Practice Commentary on § 5230).
Subdivision (b) of 5231 provides for the issuance of an “ income execution” against a judgment debtor to be served in the first instance upon the debtor. "While the statute speaks of the issuance of the execution to a Sheriff of the county in which the judgment debtor resides, we think the provision is permissive, and that it contemplates and permits the issuance of such an execution out of any court which rendered the judgment and the direction of it to such court’s own enforcement officer (except where a transcript has been issued). (See McKinney’s Cons. Laws of N. Y., Book 7B, CPLR, art. 52, p. 162, Practice Commentary on 5231.) We conclude that the income executions in the case at bar were properly issued out of the City Court of New Rochelle and directed to its enforcement officer, the City Marshal.
There remains the question whether the instant motion to set aside or modify said income executions is properly brought in this court. In our opinion it is. This motion is in the nature of an enforcement or special proceeding, which, pursuant to 5221 (subd. [a], par. 3) Civil Practice Law and Rules shall be commenced in the Supreme or County Court in the county in which the respondent (debtor) resides.
Section 5221 (subd. [a], par. 1) provides that the enforcement proceedings authorized by article 52, in the case of judgments entered in certain City Courts (of which New Rochelle City Court is not one), shall be commenced in those lower courts named or in the County Court. Section 5221 (subd. [a], par. 3) provides in pertinent part as follows: “ 3. In any other ease, if the judgment sought to be enforced was entered in any court of this state, a special proceeding authorized by this article shall be commenced, either in the supreme court or a county court, in a county in which the respondent resides or is regularly employed ”.
A motion to modify an income execution, pursuant to subdivision (g) 5231 Civil Practice Law and Rules is, in our opinion, an article 52 special proceeding in the enforcement of the City Court judgment, within the purview of paragraph 3 of subdivision (a) of 5221, and is properly brought in this court (see McKinney’s Cons. Laws of N. Y., Book 7B, CPLR, art. 52, p. 74, Practice Commentary on § 5221).
Having thus concluded that the instant income executions were properly issued out of the New Rochelle City Court to the *1010 City Marshal, and that the motion at bar to set aside or modify said executions is properly brought in this court, we now consider the merits of this motion.
Consideration of the judgment debtors’ fixed monthly charges and expenses (exclusive of house repairs, doctor’s and dentist’s bills) as against their apparent joint net income after taxes, social security, etc., indicates a balance of monthly income of slightly over $200, for a household of four persons. In view of this, we think the income execution requirements for payment of 10Jo of defendants’ respective incomes is unduly burdensome, and should be and are hereby reduced to 5% in respect of each of them. The motion to modify is granted to the extent herein stated.