Abraham N. Geller, J.
This is a proceeding pursuant to CPLR 5231 (subd. [e]) brought by a judgment creditor against judgment debtor’s employer for accrued unpaid installments of an income execution delivered to the Sheriff on April 20, 1966 and, after judgment debtor’s default, served on his employer on June 27,1966. Prior thereto, on June 14,1966, the United States Treasury Department, Internal Revenue Service, served a notice of levy upon the employer for unpaid taxes of $3,076.06 owed by judgment debtor, stating that 11 all sums of money or other obligations owing from you to this taxpayer are hereby levied upon and seized for satisfaction of the aforesaid tax.” The employer made arrangements with Internal Revenue Service to pay 10% of judgment debtor’s $300 weekly salary. It so advised the Sheriff and has made no payments under the income execution.
There is no provision of law covering this situation. CPLR 5231 (subd. [h]) provides that, where two or more income executions are issued against the same judgment debtor, they shall be satisfied, one at a time, in the order in which such executions were delivered to the Sheriff. CPLR 5231 (subd. [g]) permits the judgment creditor or the. judgment debtor to move at any time for an order modifying an income execution. Where a payroll deduction order under section 49-b of the Personal Property Law for the support of the employee’s family is made, it is given priority over all income executions and wage assign *182 ments, which are then automatically suspended until the court reinstates them or makes some other disposition. But there is no provision as to the impact of a Federal notice of levy upon an income execution.
In State Tax Comm. v. Voges, (144 N. Y. S. 2d 193), it was held that, where $150 per week was being deducted for past and current taxes from a $400 weekly salary pursuant to a Federal court order, the 10% deduction for an income execution be computed on judgment debtor’s full gross salary.
It would seem that it is the responsibility of the employer to comply with a proper income execution, regardless of the arrangements made for installment payments on a Federal notice of levy. If judgment debtor deems that deductions from his salary for both are onerous, his remedy is to move for modification.
Accordingly, the petition is granted without prejudice to the right of the judgment debtor, if so advised, to seek modification of the income execution pursuant to CPLR 5231 (subd. [g]).