Michael Catalano, J.
Petitioner seeks a summary judgment for certain accrued installment payments against respondent.
The court finds these facts.
September 27,1965, Marine Midland Trust Company of Western New York (Marine) obtained a judgment against Orin T. Spencer, Jr. (Spencer) for $3,926.55.
December 20, 1965, petitioner obtained a judgment against Spencer for $6,369.
June 26, 1966, an income execution of Marine’s judgment was delivered to the Buffalo City Court Marshal (Marshal) who received $5 weekly from Spencer without serving said execution upon P-D Service, Inc., (P-D) Spencer’s employer.
May 13, 1968, Marshal served Marine’s income execution on P-D, Spencer’s employer.
May 22, 1968, Marshal withdrew Marine’s income execution that had been served on P-D.
July 31,1968, Spencer’s employment with P-D was terminated.
August 1, 1968, Spencer was employed by respondent which paid him a salary of $175 gross weekly.
July 15,1969, petitioner delivered an income execution to the Erie County Sheriff (Sheriff) against 10% of Spencer’s salary and a copy was .served upon Spencer.
August 12, 1969, petitioner’s income execution was served upon respondent to Sheriff.
Respondent failed to pay $17.50 weekly on petitioner’s income execution.
CPLR 5231, entitled “ Income execution,” provides, in part:
“ (e) Withholding of installments. A person served with an income execution shall withhold from money then or thereafter due to the judgment debtor installments of ten per cent thereof and pay them over to the sheriff. If such person shall fail to so pay the sheriff, the judgment creditor may commence a proceeding against him for accrued installments. If the money due to the judgment debtor consists of salary or wages and his employment is terminated by resignation or dismissal at any time after .service of the execution, the levy shall thereafter be ineffective, and the execution shall be returned.”
“ (h) Priority; delivery to another sheriff. Two or more income executions issued against the same judgment debtor, specifying the same person from whom the money is received and delivered to the same or different enforcement officers shall be satisfied out of that money in the order in which the execu *639 tions are delivered to an officer authorized to levy in the county, town or city in which the debtor resides.”
Judgment debtor’s employer is obliged to comply with proper income execution served upon him by judgment creditor, regardless of arrangements made by such employer with another judgment creditor to pay the latter. (Matter of Royal Business Funds Corp. v. Rooster Plastics, 53 Misc 2d 181.)
Delivery of income execution to Sheriff before filing and service of a wage assignment establishes priority in the income levy, even though the Sheriff .serves a copy of the income execution on the employer after the filing of the wage assignment. (Matter of Beneficial Finance Co. v. Skinner, 43 Misc 2d 546.)
CPLR 3212 entitled “ Motion for summary judgment,” provides, in part: “ (c) Triable issue of fact as to damages. The existence of a triable issue of fact as to the amount or the extent of the damages shall not bar the granting of summary judgment.” The court may assess the amount, then direct an appropriate summary judgment.
Here, the Marine income execution directed against P-D and delivered to the Marshal terminated on July 3, 1968 when Spencer terminated his employment with P-D. On August 12, 1969, respondent was obliged to pay the Sheriff 10% of Spencer’s salary, which salary was $175 weekly. No part of said 10% was paid by respondent to the Sheriff.
CPLR 5231 (subd. [h]) does not apply here because the two income executions do not specify the “ same person from whom the money is received ’ ’.
Summary judgment is granted to petitioner against respondent for the accrued installments that respondent failed to pay the Sheriff pursuant to petitioner’s income execution. The court shall assess said amount with interest, then direct an appropriate summary judgment after a hearing thereon instituted by petitioner.