Bertram Harnett, J.
Judicial enforcement procedures are not automatic dispensations. Like other aspects of the legal process, they root in justice and fairness. This case focuses on the realistic implications of a judgment creditor’s execution by Sheriff’s sale upon a husband’s tenancy by the entirety interest in the family home.
Here, it is Vera Hammond who seeks to vacate an execution and Sheriff’s sale of her husband’s interest in their one-family *547 home in Locust Valley, New York, in which she, her 13-year-old son, and three foster children live. Husband and wife hold as tenants by the entirety.
The threatened sale results from a real property execution levied by respondent Econo-Car of the North Shore, Inc., pursuant to CPLB 5236, in order to satisfy its judgment of $1,373 obtained on September 1,1966 against Mr. Hammond alone, who is separated from the family and employed in Bayville, New York. Mrs. Hammond’s income consists of a foster care allowance of $145 per month per child and supplemental public assistance of $104 per month, from which she pays the monthly mortgage charge of $165.
There is no doubt that the husband’s debt is due, albeit from him alone. There is no doubt that hardship afflicts the family. And, there is no doubt that under CPLB 5240 this court can, in the fundamental interests of justice and fairness, ‘ make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure ”.
A number of factors favor positive exercise of court discretion under CPLB 5240. Mrs. Hammond has used the property since its purchase in 1965 to maintain the family home for herself and for the children. The Nassau County Social Services Department has, through its allowances, contributed to the mortgage maintenance. The creditor has failed to demonstrate a credible effort to collect from the judgment debtor husband. Moreover, under the authorities, the sale of the husband’s interest in the real property would convey a hybrid tenancy in common, with survivorship but no partition rights, to a third-party stranger who then could have some conceivable right to use immediately an undivided one-half share of the property. (Finnegan v. Humes, 252 App. Div. 385, 387, affd. 277 N. Y. 682.)
The threatened harm to Mrs. Hammond and the infants living with her is solely because of her husband’s debt, an obligation which she and the children did not incur, are not legally bound to satisfy, and appear not to have benefitted from.
In Gilchrist v. Commercial Credit Corp. (66 Misc 2d 791, 793 [Albert, J.]), the court relied on its authority under CPLB 5240 to stay an execution upon a husband’s tenancy by the entirety interest in the family home, emphasizing the harmful “ consequences that would flow from the transfer of [Mrs. Gilchrist’s] husband’s interest to a third party, and, perhaps more importantly, [subjection of] her children to the risk that their home would be lost entirely if their mother did not survive their father ’ ’.
*548 It is, of course, unquestioned that the creditor has legitimate considerations in its favor. Having a judgment against the husband, it properly seeks to collect the money owing from out of the husband’s interest in the real property by a method which the law permits, absent overwhelming contrary equitable factors. However, as a practical matter, its real interest is in asserting its lien in the event of a voluntary sale of the property, or in the husband’s possibility of surviving the wife. The creditor’s legitimate security interest is really protected by its judgment lien. ;
This court cannot visualize in this case any substantive value in immediate occupancy rights to any one outside the close family. Certainly, Econo-Car, or any purchasing stranger at a Sheriff’s sale, is not going to co-occupy with the family. And, what court would order a stranger into a home with Mrs. Hammond and her children? Aside from its bizarreness, that result would in effect grant to a purchaser of the husband’s interest a right which the husband himself, lacking possessory rights by virtue of the wife’s exclusive possession of the home, might not enjoy. Perhaps the only value of immediate execution upon the husband’s interest here is to put pressure on the wife, either to sell the house, or to pay off an obligation that is not hers. A Sheriff’s sale or deed can be a terrorizing feature to the legally unsophisticated.
While Econo-Car states generally that Mr. Hammond’s salary as a waiter, not including tips, is below the level on which garnishment is permitted, specifics are not given of the actual figures involved, nor of the efforts, if any, that have been made to collect from him. The creditor, having immediate access to whatever nonexempt assets and wages may be found available from the locally employed husband upon due and diligent investigation, :and having additionally a long-term lien against the husband’s one-half share of the property, is not left without any remedy.
For all intents and purposes under the existing circumstances, Econo-Car now has the security which should have been reasonably contemplated in its original bargain. (Cf. CPLR 5240.)
Accordingly, the court rules that respondent Econo-Car of the North Shore, Inc. be restrained from executing upon the husband’s interest in the real property until the house becomes vacant, is sold, or the wife predeceases the husband, or at such other time as the respondent may be able to show a sufficient change bf circumstances which will warrant further relief.
*549 The cost of advertising for the Sheriff’s sale may be added to, and collected in the same manner as, the judgment against the husband.
Submit judgment on notice.