Bertram Harnett, J.
A mother and her children need not he public welfare recipients to receive relief under CPLB. 5240 where a creditor of the father seeks to levy by Sheriff’s sale on the father’s interest in the family home held by the entirety.
Here, Marilyn Seyfarth lives with her youngest child, age 16, in a one-family Massapequa Park, home which she now owns solely, having been deeded her estranged husband’s prior one-half interest.in August, 1971. In March, 1968, the husband alone had a judgment filed against him concerning his business transactions after he was separated from his wife. The property, having been purchased in both names in 1951, the judgment, of course, takes precedence over the husband’s later transfer of his interest to his wife. The judgment creditor has initiated proceedings to execute upon that judgment by Sheriff’s sale of Mr. Seyfarth’s prior one-half interest in the marital property, and now Mrs. Seyfarth, who supports herself from a combination of her own hospital employment, rent from a boarder and a local newspaper that uses her garage as a delivery drop, and sporadic support payments, seeks in this proceeding to stay execution pursuant to CPLB 5240.
The facts are similar to those in Hammond v. Econo-Car of North Shore (71 Misc 2d 546), where this court stayed a Sheriff’s sale of an estranged husband’s one-half interest in marital property sought to be executed upon under a judgment against him only. The court in Hammond based its holding upon the dual grounds that the judgment creditor’s interest was adequately protected by its lien on the realty and the only purpose to be served 'by executing upon the husband’s share, in economic terms representing just a survivorship interest, was to intimidate, the wife into paying off a debt that was not hers and did not benefit her: “ Perhaps the only value of immediate execution upon the husband’s interest here is to put pressure on the wife, either to sell the house, or to pay off an obligation that is not hers. A Sheriff’s sale or deed can be a terrorizing feature to the legally unsophisticated.” (Hammond v. Econo-Car of North Shore, supra, p. 548.)
The fundamental point is that the judgment creditor is not harmed, but, in fact, is fully protected by relying on its lien, *365 and deferring the execution on the real property which serves it no legitimate practical purpose. There is no practical possibility of a commercial creditor, or Sheriff sale speculator, getting immediate copossession of a home with a woman and her child. And, in the long run, if the husband should outlive the wife and his survivorship interest comes into fruition by operation of law, the creditor may then enforce its lien against the entire property. Under any execution circumstance, the creditor’s prospects of collecting sale moneys from the jointly held property are extinguished if the husband dies first. Of course, if in the interim, the wife and child move out, and the property is sold, rented out, or becomes vacant, the basis for staying creditor execution no longer would exist and the creditor could then move to pursue its remedies against the realty.
The principle is no less applicable because the threatened dependents are not receiving public assistance. While the wife’s total monthly income is approximately $732 plus occasional support, and she is economically self-sufficient, the presence or absence of public assistance is essentially irrelevant to the governing equitable principle stated. She got no benefit from the transaction in any cited way. The debt is not hers. (Cf. Holmes v. W. T. Grant, Inc., 71 Misc 2d 486.) The “ legally unsophisticated ” need not necessarily he poor; the threat of a Sheriff’s sale of even a contingent or future interest in a home has a universally menacing impact and serves to undermine the basic tranquility of spousal home ownership, regardless of economic status. More pertinent to the equitable mix of critical factors here is that the husband is in the contracting business, has a local address known to the creditor, was contacted about this debt, but simply suggested that his prior interest in the home, now owned by his wife, be pursued and was not, upon this record, himself pursued by any execution devices.
CPLB 5240 authorizes the court in its discretion to “ make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure ”. In the present context, it serves as an equitable safety valve which allows a court to restrain execution upon its judgment where unwarranted hardship would otherwise result. The decisional process invoked is the balancing of harm likely to result from execution, against the necessity of using that immediate means of attempted satisfaction. While the 5240 remedy must be used sparingly, its purpose is to protect persons from unnecessarily harsh use of legal procedures. ¡Perhaps npwhere is this *366 more pertinent than in the area of unredeemable Sheriff’s sales of residential property. , (See Gilchrist v. Commercial Credit Corp., 66 Misc 2d 791; McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 5236, 1969 Supplementary Practice Commentary; Bloom, The Trouble With Lawyers, ch. 5, pp. 95-108 [1st ed., 1968].) Indeed, legislative hearings are currently underway to study methods of alleviating the now authorized and employed methods of executing upon family homes? (See N. Y. Times, Feb. 24, 1973, p. 46, col. 5-6; cf. Bottenus v. Blackman, 71 Misc 2d 583.) Upon the entire circumstances presented and under the principles set forth in Hammond v. Econo-Car of North Shore (71 Misc 2d 546, supra) the court believes the result in this case to be just.
Accordingly, judgment is granted in favor of petitioner, and respondent Bi-County Electric Corp. is restrained from executing upon the husband’s prior interest in the real property until the house becomes vacant, is sold, or the wife predeceases the husband, or at such other time as the respondent may be able to show a sufficient change of circumstances which would warrant further relief.