William Rigler, J.
Respondent, by the instant motion, seeks to have the Family Court stay an income execution issued by the Civil Court to assist petitioner in the recovery of *347 support arrears accumulated pursuant to a separation agreement.
After careful study of the relevant statutory law and case authorities, this court determines that it is without jurisdiction to entertain the respondent’s application.
The Family Court is not a court in which a CPLR article 52 proceeding for the enforcement of a judgment can be commenced (CPLR 5221). Therefore, it follows that this court is not one in which relief from an enforcement order can be obtained.
Thus, in Matter of Finkelstein (43 Misc 2d 820), the Surrogate’s Court held that as it did not have jurisdiction to enforce a money judgment it could not issue an order countermanding a restraining notice placed on an estate’s bank account. (See, also, First Westchester Nat. Bank of New Rochelle v Lewis, 42 Misc 2d 1007.)
Additionally, respondent errs in contending that petitioner’s attempt to enforce the provisions of the separation agreement is in contravention of a prior order of this court which fixed alimony and support below that agreed to by the parties in the separation agreement and which directed that arrears be held in abeyance. Petitioner has an absolute right to sue upon the contractual obligations contained in the agreement. (Goldman v Goldman, 282 NY 296.)
Finally, a stay of enforcement of a court’s order is obtained by appealing that order (see, e.g., CPLR 5519) or by requesting a rehearing of the matter and not by requesting a stay from another nisi prius court.
In light of the foregoing, it is ordered, that the motion is in all respects denied.