OPINION OF THE COURT

Per Curiam.

Order entered May 29, 1978 (Sherman, J.) modified by granting petitioner’s application for a turnover order and directing respondent to comply with petitioner’s income execution only to the extent that the judgment debtor’s disposable earnings are not diminished by more than 25%; as modified, affirmed, with $10 costs to the appellant.
As we construe title III of the Consumer Credit Protection Act (US Code, tit 15, §§ 1671-1677), the maximum amount which may be garnished from the earnings of an individual for any workweek is 25% of his "disposable earnings” (i.e., after-tax earnings [see US Code, tit 15, § 1672, subd [b]), except in the case of an order for support, in which event the maximum is 50% of disposable earnings, and up to 60% where the individual receiving support is a spouse or dependent child (US Code, tit 15, § 1673). In the case before us, a payroll deduction order for support issuing out of the Family Court was served upon respondent (employer of petitioner’s judgment debtor) long before the service of petitioner’s 10% income execution (CPLR 5231, subd [b]). Since the order of support takes priority over the income execution (Personal Property Law, § 49-b), no amount may be withheld pursuant to that execution under the formula set forth in the Consumer Credit Protection Act unless, and except to the extent that, the support order does not absorb the 25% of the debtor’s disposable earnings which is susceptible to garnishment (US Code, tit 15, § 1673, subd [a]; Marshall v District Ct. for Forty-First-b Judicial Dist. of Mich., 44 F Supp 1110).
The above view of the Federal legislation is espoused by the Secretary of Labor, who is charged with the enforcement of its provisions (US Code, tit 15, § 1676), and whose interpretation, if not irrational or unreasonable, is to be accorded great weight (Matter of Howard v Wyman, 28 NY2d 434, 438; Brennan v Kroger Co., 513 F2d 961). Petitioner’s contention that payroll deductions required under a support order should not be included when computing the percentage reduction of a *309 debtor’s disposable earnings is not an accurate reading of the language of the statute. The term "garnishment” is not restricted but includes any legal or equitable procedure through which the earnings of an individual are required to be withheld for payment of any debt — thus encompassing orders of support as well as ordinary creditor-debtor garnishments (see US Code, tit 15, § 1672, subd [c]). The cases relied upon by petitioner (e.g., Costa v Chevrolet-Tonawanda Div. of Gen. Motors Corp., 53 Misc 2d 252, affd 24 AD2d 732) antedate the passage of title III of the act, and are not controlling. This court is bound to give precedence to the provisions of the Federal statute (US Code, tit 15, § 1673, subd [c]), and we decide the case in a manner which will best further the manifest congressional purpose of maximizing a debtor’s share of his own earnings.
Concur: Riccobono, J. P., and Tierney, J.; Hughes, J., not participating.