OPINION OF THE COURT
Raymond J. Barth, J.
The respondent in the above-captioned matter filed an order to show cause dated July 22,1981 in which he sought an order dismissing the petitioner’s petition of August 18, 1980, an accounting from the Onondaga County Support Collection Unit regarding all funds received from the respondent and an accounting from the Onondaga County Sheriff’s Department of all money paid pursuant to an income execution presently in effect. In oral argument, the respondent also requested that the income execution be vacated in its entirety.
Respondent’s request for dismissal of the petition of August 18, 1980 is denied as moot in that said petition has been disposed of by decision and order of this court, dated August 17, 1981.
Respondent’s demand for an accounting from the support collection unit and the Sheriff’s Department is denied as moot in that the petitioner offered said records to the court for admission into evidence. The records were admitted without objection and are available to counsel for inspection.
*1079 The sum of $50 per week is currently deducted from the respondent’s pay for the support and current care of his children pursuant to a payroll deduction order of the court dated January 18, 1979. Also deducted from respondent’s weekly pay is an amount equal to 10% of the respondent’s gross weekly income. This deduction is in accordance with an income execution in effect for the purpose of enforcing a judgment of the Family Court for child support arrearages in the sum $6,225. Said judgment was granted by this court in favor of the petitioner and against the respondent on January 15, 1979.
It is respondent’s contention that the income execution violates the 25% maximum allowable garnishment mandated by section 1673 of title 15 of the United States Code (Consumer Credit Protection Act). Said section provides in pertinent part as follows:
“Restriction on garnishment — Maximum allowable garnishment
“(a) Except as provided in subsection (b) of this section and in section 1675 of this title, the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed
“(1) 25 per centum of his disposable earnings for that week”.
With respect to the income execution, the petitioner is a judgment creditor (Family Ct Act, § 460, subd 3) seeking to enforce a judgment within the meaning of the Federal statute (US Code, tit 15, § 1673, subd [a]) and is, therefore, subject to the deduction limitation stated therein.
Support order garnishments are given priority over creditor garnishments. (Personal Property Law, § 49-b.) Therefore, the $50 weekly garnishment is to be satisfied by the employer prior to making any deduction for the income execution. Accordingly, where the support order garnishment results in the withholding of 25% or more of an employee’s disposable earnings, no creditor garnishment may be made for that work week. (Long Is. Trust Co. v United States Postal Serv., 647 F2d 336.)
*1080 It is to be noted that the 25% ceiling does not apply to a garnishment relative to an order for the support of any person. The maximum garnishment for such orders ranges from 50% to 65% of disposable earnings, depending upon the circumstances of the particular case. (See US Code, tit 15, § 1673, subd [b].)
Disposable earnings is defined by section 1672 of title 15 of the United States Code as the amount of earnings that remains after deduction of amounts required by law to be withheld. Such required withholdings include Federal income tax, State income tax and Social Security tax.
After subtraction of the amounts required to be withheld by law from respondent’s gross income, i.e., after a determination of respondent’s disposable earnings, the employer should make a determination as to whether the $50 Family Court garnishment equals or exceeds 25% of disposable earnings. If it is 25% or more, then no deduction may be made for the income execution for that work week. If it is less than 25%, then a deduction should also be made for the income execution in an amount that will not exceed 25% of disposable earnings when both deductions are totaled.
A review of the respondent’s pay stubs attached to his moving papers indicates that, on most occasions, his employer has, in fact, deducted sums for the income execution that were in excess of that permitted by Federal law.
The Family Court has express authority to issue an income execution (CPLR 5230, subd [b]), but lacks procedural provisions regarding an execution. Section 165 of the Family Court Act makes the provisions of the CPLR applicable to a Family Court proceeding to the extent that they are appropriate. CPLR 5240 permits the court to “make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure.” However, it appears to the court that under the circumstances of the instant proceeding, the proper remedy is not to vacate the income execution, but rather to compel respondent’s employer to comply with the maximum garnishment limits set by Federal law as hereinbefore indicated.
*1081 This court lacks authority to order respondent’s employer to comply with the Consumer Credit Protection Act. The Secretary of Labor, acting through the Wage and Hour Division of the Department of Labor, has the authority to enforce said act. (US Code, tit 15, § 1676.)
Now, therefore, it is ordered, that the respondent’s motion be and the same hereby is denied in all respects without prejudice to seek appropriate relief through the Secretary of Labor; and it is further ordered, that the stay of the income execution with the Onondaga County Sheriff’s Department, dated July 22, 1981 be, and the same hereby is vacated.