■ KOLORTRON SYSTEMS, INC., Appellant, v JAMES CASEY et al., Respondents.—In an action to recover damages, *inter alia,* for goods sold and delivered, the plaintiff appeals from an order of the Supreme Court, Nassau County (Robbins, J.), entered October 15, 1984, which granted the defendants' motion pursuant to CPLR 5240 for a protective order prohibiting enforcement by the plaintiff of a judgment of the Civil Court, Queens County, entered August 9, 1983 upon the defendants' default, until the plaintiff consents to restore this case to the Trial Calendar for a determination on the merits.

Order reversed, on the law, with costs, and motion denied.

Special Term, which did not issue the judgment from which the defendants ultimately sought relief more than a year after its entry, lacked authority to vacate that judgment and relieve the defendants of their default, which it, in effect, did *(see,* CPLR 5015 [a]; Siegel, NY Prac § 426). CPLR 5240 does not provide a court with a vehicle to grant such relief and it may not be employed in such a manner. Its use is strictly to aid a

party inequitably burdened by the use of enforcement procedures by his adversary and to allow him an opportunity to either meet his legal obligation or postpone the enforcement of a judgment until such time that its enforcement is more properly sought *(see,* Siegel, NY Prac § 500). In any case, the defendants not only failed to clearly designate the relief they were seeking in their order to show cause, but they also failed to offer any substantive proof entitling them to any form of relief from the default judgment in question. No averment supporting a claim that the default was justifiable or that a meritorious defense was possessed by the defendants was offered, nor was there any explanation as to why the defendants waited more than a year before seeking relief *(see,* CPLR 5015 [a]; Siegel, NY Prac § 108). Lazer, J. P., Rubin, Lawrence and Kooper, JJ., concur.