OPINION OF THE COURT
Eli Wager, J.
Pursuant to the short form order of Justice Beatrice S. Burstein (Jan. 7, 1987) a hearing was held before this court on the respondent’s application, by way of cross motion, for a stay of execution under CPLR 5240 of a money judgment in the sum of $117,531.45 entered in favor of the petitioner and against the respondent on July 13, 1978. Justice Burstein’s order determined all of the issues in the motion and cross motion before her except for the issue specified for a hearing. *560 The respondent-judgment-debtor is 71 years of age, is divorced and resides in the subject premises in Cedarhurst, New York, with his granddaughter, Vanessa Iozzi, age 7, who is the child of his daughter Lisa. The child has resided with her grandfather since February 1983, having been placed in his custody by her mother, who is unable or unwilling to care for her. The child’s history is rather pathetic in that her father absented himself before her birth and apparently has never returned. The mother resides in California and the grandfather represents her immediate family. He has commenced adoption proceedings in the Surrogate’s Court of Nassau County. The petition for said adoption was received as exhibit 3 in evidence.
The petitioner is the judgment creditor and seeks enforcement of the judgment, now more than nine years old, against which no payment has been made. Although the debtor stated that he had made offers, presumably offers of compromise, he claims his offers have been rejected.
The evidence adduced at the hearing establishes that the debtor receives an income of $1,500 monthly from a pension trust fund of which he is a trustee. In addition thereto, he receives Social Security income. In his petition to the Surrogate’s Court, he sets forth his gross income to be $26,000 per annum. He is otherwise retired. He represents his house to be worth $300,000, although it has not been recently appraised. The representations in respondent’s brief to the effect that the petitioner is adequately secured by the lien of the judgment are in conflict with his attorney’s submission to the court on the cross motion in which it is set forth that there are judgment creditors with priority over the petitioner herein and that by virtue of said priority claims, the petitioner would receive no proceeds from the execution sale which it proposes to hold. No proof of either of the allegations was presented at the hearing.
The essence of the debtor’s argument is that due to the fact that he provides a home for his infant granddaughter and that the disposition of the home would be detrimental to her well-being, the court should invoke its power to stay enforcement proceedings pursuant to CPLR 5240. The judgment debtor has cited to the court several cases in which enforcement of judgments was stayed in the interests of justice (Seyforth v Bi-County Elec. Corp., 73 Misc 2d 363; Hammond v Econo-Car, 71 Misc 2d 546; Holmes v W. T. Grant, Inc., 71 *561 Mis 2d 486; Gilchrist v Commercial Credit Corp., 66 Misc 2d 791). The cited cases involved threatened execution sales against the wives and children of judgment debtor husbands (Seyfarth v Bi-County Elec. Corp., supra; Hammond v Econo-Car, supra; Gilchrist v Commercial Credit Corp., supra), and a family of six on social services assistance with a $500 judgment at issue (Holmes v W. T. Grant, Inc., supra). At bar, the judgment is for a very substantial sum and was incurred by the respondent personally. Moreover, no case has been cited to the court which parallels the familial situation he has presented (grandfather custodian of a minor grandchild).
Among the factors in respondent’s brief urged in support of a stay is "the good faith intent and the ability by respondent to repay the judgment in periodic sums.” The facts are quite to the contrary. This respondent has made no payment on account of principal and/or interest in over nine years since the entry of judgment. Mere protestations of intention to pay are not evidence of his good faith or sincerity.
This court acknowledges our Court of Appeals pronouncement that "[a]ny judicial sale, especially one involving the judgment debtor’s residence, is a tragic event” (Guardian Loan Co. v Early, 47 NY2d 515, 518). However, it appears to this court that the circumstances of this case in which the respondent has simply ignored his obligation to the petitioner, evidenced by a nine-year-old unpaid judgment, do not merit the imposition of a court-ordered stay on the execution of the judgment. Entreaties to the court that it fashion a method of periodic payments as a condition for the stay of execution were not accompanied by any suggested proposals. In the absence of such bona fide offers, there is nothing for the court or the petitioner to consider;
Accordingly, the respondent’s cross motion for a stay of execution pursuant to CPLR 5240 is denied. In the interest of affording the respondent an opportunity to find new housing for himself and his granddaughter, the judgment to be entered herein directing the Sheriff of Nassau County to hold an execution sale of the subject real property owned by the respondent shall be stayed for a period of six months from the date of entry of the judgment.
As a further condition for the temporary stay of execution herein set forth, the respondent shall pay to the petitioner, on *562 account of the judgment, the sum of $750 for each month of occupancy following the entry of judgment. Such payments shall commence with the tenth day following service of a copy of the judgment on respondent’s attorneys and continue monthly thereafter for so long as the respondent shall remain in occupancy of the premises.