■ In the Matter of AMEV CAPITAL CORPORATION, Respondent, v RICHARD KIRK, Appellant.—In a proceeding pursuant to CPLR 5206 (e), inter alia, to compel the sale of the one-half

interest of Richard Kirk in a homestead in order to satisfy money judgments, the appeal is from a judgment of the Supreme Court, Westchester County (Coppola, J.), entered November 15, 1990, which, upon a decision granting the petition and denying the cross motion of Richard Kirk for a restraining order, *inter alia,* directed the sale of the subject real property at public auction by the Sheriff. The notice of appeal from the decision dated October 28, 1990, is deemed a premature notice of appeal from the judgment (CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

The appellant, whose fraudulent conveyance to his wife of his interest in the subject homestead has been judicially set aside *(see, AMEV Capital Corp. v Kirk,* 180 AD2d 775 [decided herewith]), asserts in this proceeding that an execution sale of his interest in the homestead would be unfair and, that it is designed to annoy and harass his wife. However, although the appellant's wife is a defendant in the action to set aside the fraudulent conveyance, her interest in the real property would not be affected by the sale *(cf., Gasko v Del Ventura,* 96 AD2d 896). Moreover, the petitioner's attempts to collect the substantial amounts owed have been repeatedly frustrated. In short, there are no circumstances in this case on which an order staying the execution sale might appropriately be premised *(cf.,* CPLR 5240; *see, Commercial Credit Dev. Corp. v Bailey,* 80 AD2d 748; *Federal Deposit Ins. Co. v Lapadula,* 137 Misc 2d 559). Accordingly, the Supreme Court's direction that the sale proceed was in all respects proper.

We have considered the appellant's procedural argument and find it to be devoid of merit. Harwood, J. P., Balletta, Rosenblatt and Copertino, JJ., concur.