OPINION OF THE COURT
Phyllis Gangel-Jacob, J.
By order to show cause, petitioner Victoria Moran, the *436 estranged wife of defendant Richard Moran, seeks to stay the plaintiff-judgment-creditor from executing upon a confession of judgment given solely and signed solely by defendant husband and as to which petitioner wife is not a party, by selling at a Sheriff’s sale the Moran’s summer residence in East Hampton, New York which is owned by petitioner wife and defendant husband as tenants by the entirety.
There are two mortgages already on the property: One with Southold Savings Bank as security for promissory notes in the sum of $250,000 signed by both Morans, and one in the form of a home equity loan with Citibank, N. A., in the sum of $250,000, also taken out by both Morans. Plaintiff-judgment-creditor seeks to execute on the confession of judgment entered solely against defendant husband and his former business, Hampshire Fabrics, Inc. There is no allegation that petitioner wife is in any respect responsible in her own right for the debt claimed by plaintiff.
Petitioner wife resides with the Morans’ children in the marital apartment in New York City. She rents out the East Hampton property (as to which she has been granted exclusive use and occupancy by order of this court dated January 17, 1992 pending further order or the trial of the matrimonial action between the Morans) in order to pay the mortgages on the property. She makes the undisputed claim that defendant husband stopped making any payments in respect of the East Hampton property in January 1991. She claims she will not be able to continue to keep up with the mortgage payments if she is compelled to share the rental moneys she receives on the property with plaintiff or plaintiff’s purchaser as the result of a Sheriff’s sale of the property, which will force the property into foreclosure and the loss to her of her potential equitable distribution interest in the property.
However, as a judgment creditor, plaintiff has the right to execute against defendant husband’s interest in the property. As a practical matter, if this were the marital residence, petitioner wife’s right to exclusively occupy the whole of the property unaffected by any attempted sale of her debtor spouse’s interest therein goes without question. (E.g., Hammond v Econo-Car of N. Shore, 71 Misc 2d 546 [Sup Ct, Nassau County 1972]; cf., Matter of Nir v Nir, 176 AD2d 804 [2d Dept].) But the property here at issue is not the marital residence, but the Morans’ second or vacation home. Nevertheless, it would appear that any interest that plaintiff or its purchaser might acquire at a Sheriff’s sale of defendant hus *437 band’s interest in that property would necessarily be as a tenant-in-common with petitioner wife without the right to partition and subject to her right of survivorship, with the right in such purchaser to share in the rents and proceeds therefrom and the concomitant obligation to share in the costs and expenses thereof (see, Hiles v Fisher, 144 NY 306; 24 NY Jur 2d, Cotenancy and Partition, § 99).
Petitioner wife understandably wishes to preserve the property for equitable distribution in the divorce action now pending between her and defendant husband, and courts are loathe to permit coercive pressure to be exerted upon a tenant spouse in the context of a matrimonial dispute (see, Hammond v Econo-Car of N. Shore, supra; Gilchrist v Commercial Credit Corp., 66 Misc 2d 791; Seyfarth v Bi-County Elec. Corp., 73 Misc 2d 363). In the circumstances, therefore, petitioner wife’s motion for an order staying plaintiff’s foreclosure sale is granted only to the extent of staying any such sale for a period of 90 days from the date of service of a copy of this order with notice of entry. If during such period petitioner wife obtains a bona fide purchaser for the premises who will enter into a contract of sale for the property at a price in excess of the mortgages and any other encumbrances on the property, including plaintiff’s lien in the sum of approximately $118,100, then the stay shall be continued until the closing thereon and any such purchase price in excess of such encumbrances may be kept by petitioner wife’s attorney in escrow until a disposition pursuant to order of this court on the equitable distribution issues in the Morans’ matrimonial action (CPLR 5240). On the other hand, if petitioner wife is unable to obtain a purchaser within such 90-day period who is ready, willing and able to contract to purchase the premises, then plaintiff may seek to proceed with its Sheriff’s sale of the property upon an affidavit to that effect, and upon such Sheriff’s sale any excess amounts received over the encumbrances existing on the property shall be deposited in escrow with petitioner wife’s attorney for disposition pursuant to order of this court on the equitable distribution issues in the Moran matrimonial action.