(October 7, 1997)

■ WILLIE TOOKES, Respondent, v NEW YORK CITY PARKING VIOLATIONS BUREAU, Appellant. [663 NYS2d 28] —Judgment, Supreme Court, New York County (Carol H. Arber, J.), entered March 8, 1996, which, in a proceeding pursuant to CPLR article 78 challenging respondent's determination not to vacate certain default judgments entered against petitioner for failing to respond to various summonses and seeking to enjoin respondent from garnishing any portion of petitioner's disability benefits, granted the petition to the limited extent of enjoining respondent from garnishing any portion of petitioner's disability benefits and deeming such default judgments satisfied, unanimously modified, on the law, to vacate that part of the judgment which deemed the default judgments satisfied, and otherwise affirmed, without costs.

Respondent contends that it is not "garnishing" petitioner's disability benefits in violation of the exemption under CPLR 5222 (e) since after the Administrative Law Judge denied his motion to vacate the default judgments, petitioner, who at the time was living in a homeless shelter and has not appeared on appeal, was receiving $788 a month in disability payments and voluntarily entered into a payment plan, under which he made a down payment of $1,800 and agreed to pay $100 a month towards the $1,961 balance in order to get his seized car back. Respondent is correct that the payment plan, because voluntary, cannot be considered a garnishment of petitioner's benefits and there is no evidence in the record that any garnishment was being sought or made. Nevertheless, we find no reason to disturb the IAS Court's appropriate exercise of discretion under CPLR 5240 to enjoin any future attempt to garnish petitioner's disability payments. However, the court plainly

lacked authority under CPLR 5240, or otherwise, to deem the remaining balance of petitioner's obligation to respondent satisfied (*see, Kolortron Sys. v Casey*, 118 AD2d 687, *appeal dismissed* 68 NY2d 807), and we modify accordingly.

Motion denied insofar as leave to appeal to the Court of Appeals is sought and granted insofar as reargument is sought, and this Court's unpublished decision and order entered on June 10, 1977 (Appeal No. 60940) is recalled and vacated and a new decision and order substituted therefor, decided simultaneously herewith. Concur—Murphy, P. J., Milonas, Rosenberger, Wallach and Andrias, JJ.