◼ TARRYTOWN AND NORTH TARRYTOWN SAVINGS & LOAN ASSOCIATION, Plaintiff, v FRANK DePASQUALE, Defendant, and PATRICIA DePASQUALE, Appellant. (Action No. 1.) KANTROWITZ & GOLDHAMER, P. C., Respondent, v FRANK DePASQUALE, Defendant. (Action No. 2.) [671 NYS2d 680] —In a mortgage foreclosure action (Action No. 1), and a related action to recover fees for legal services rendered (Action No. 2), Patricia DePasquale, a defendant in Action No. 1, appeals from an order of the Supreme Court, Rockland County (Weiner, J.), dated January 29, 1997, which denied her motion, in effect, to vacate the sheriff's sale of Frank DePasquale's interest in the subject property.

Ordered that the order is reversed, with costs, and the motion, in effect, to vacate the sheriff's sale of Frank DePasquale's interest in the subject property is granted.

In 1988, Frank DePasquale and Patricia DePasquale were divorced. Pursuant to the judgment of divorce, Frank DePasquale and Patricia DePasquale became tenants in common of the marital residence in which Patricia DePasquale resided. The judgment further provided that the residence should be sold and the funds equally distributed.

On September 27, 1988, Frank DePasquale's former matrimonial attorneys obtained a judgment against him for unpaid legal services in the amount of $7,341.74. Between March 1989 and August 1991, Patricia DePasquale obtained four judgments totaling $60,981.02 against Frank DePasquale for his failure to make various payments required by the divorce judgment.

In 1996, after efforts to satisfy their judgment were unsuccessful, the matrimonial attorneys executed the judgment and a sheriff's sale was scheduled. On the eve of the sale, Patricia DePasquale obtained a buyer for the former marital residence but the sale was completed before she was able to obtain a stay and her motion, in effect, to vacate the sale was denied.

Pursuant to CPLR 5240, the court has broad discretionary power to regulate the enforcement of a money judgment to prevent unreasonable annoyance, expense, embarrassment,

disadvantage, or other prejudice to any person or the courts (*see, Guardian Loan Co. v Early,* 47 NY2d 515, 519; *cf., Kolortron Sys. v Casey,* 118 AD2d 687, 688). Here, Patricia DePasquale has been clearly disadvantaged and otherwise prejudiced by the sheriff's sale, and, in our view, the court improvidently exercised its discretion in denying the motion, in effect, to vacate the sale of Frank DePasquale's interest in the subject real property. Ritter, J. P., Friedmann, Krausman and McGinity, JJ., concur.