■ In the Matter of NATIONAL LOAN INVESTORS, LP, Respondent, v SAM FUTERSAK, Also Known as SAM OLSHIN, Defendant, and MERYL FUTERSAK, Appellant. [742 NYS2d 846] —In a proceeding pursuant to CPLR 5206 to compel the sale of the interest of Sam Futersak, also known as Sam Olshin, in a homestead to satisfy a money judgment, Meryl Futersak appeals from an order of the Supreme Court, Nassau County (Davis, J.), entered December 8, 2000, which, inter alia, denied that branch of her motion which, pursuant to CPLR 5015, was to vacate an order of the same court, dated May 4, 2000, among other things, directing the sale of the interest of Sam Futersak, also known as Sam Olshin, in the subject real property at public auction, and denied that branch of her motion which, pursuant to CPLR 5240, was for a protective order conditioning the sale on the purchaser becoming a tenant in common with her with no right to the possession, use, and occupancy of the subject real property.

Ordered that the order is modified, as a matter of discretion, by deleting the provision thereof denying that branch of the motion which, pursuant to CPLR 5240, was for a protective order conditioning the sale on the purchaser becoming a tenant in common with the appellant with no right to the possession, use, and occupancy of the subject real property, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court providently exercised its discretion in denying that branch of the appellant's motion which, pursuant to CPLR 5015, was to vacate an order of the same court, dated May 4, 2000, among other things, directing the sale of the interest of her husband, Sam Futersak, also known as Sam Olshin, in the subject real property at public auction, as she failed to demonstrate a reasonable excuse for her default and the existence of a meritorious defense (see CPLR 5015 [a] [1]). However, while we agree that a sale of the interest of the appellant's husband in the premises is appropriate, under the circumstances, the Supreme Court improvidently exercised its discretion in denying that branch of her motion which, pursuant to CPLR 5240, was for a protective order conditioning the sale on the purchaser becoming a tenant in common with her with no right to the possession, use, and occupancy of the subject real property, since the appellant and her family reside there (see CPLR 5240; cf. Hammond v Econo-Car of N. Shore,

71 Misc 2d 546). Prudenti, P.J., Luciano, Townes and Crane, JJ., concur.