■ CARLY GAW, Respondent, v JOHN GAW, Appellant. [914 NYS2d 665]—

In a matrimonial action in which the parties were divorced by judgment dated August 19, 2008, the defendant appeals, as limited by his brief, from so much of an order of the Supreme

Court, Queens County (Strauss, J.), entered September 23, 2009, as denied, without a hearing, those branches of his motion which were, in effect, pursuant to CPLR 5015 (a) (3) to vacate the child support provisions of the judgment of divorce, to compel certain discovery, and to recalculate child support de novo.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff mother and the defendant father were divorced by judgment dated August 19, 2008, and are the parents of one child born October 15, 2007. The defendant did not contest the divorce and executed an affidavit dated May 15, 2008, in which he agreed to pay the sum of $296 per week in basic child support and 92% of the cost of day care, educational expenses, and unreimbursed medical expenses. The child support provisions of the judgment of divorce directed the defendant to pay these amounts.

The defendant moved, inter alia, in effect, pursuant to CPLR 5015 (a) (3) to vacate the child support provisions of the judgment of divorce on the ground that the plaintiff fraudulently induced him to agree to the child support provisions. The Supreme Court denied the defendant's motion.

Contrary to the defendant's contention, since he failed to meet his burden of establishing the existence of fraud, misrepresentation, or misconduct on the part of the plaintiff sufficient to entitle him to vacatur of the child support provisions of the judgment of divorce, the Supreme Court properly denied those branches of his motion which were, in effect, pursuant to CPLR 5015 (a) (3) to vacate the child support provisions of the judgment (see *Sicurelli v Sicurelli*, 73 AD3d 735, 735 [2010]; *Vogelgesang v Vogelgesang*, 71 AD3d 1132, 1133-1134 [2010]; *Blumes v Madar*, 21 AD3d 518, 520 [2005]; *Badgett v Badgett*, 2 AD3d 379 [2003]; *Tornheim v Tornheim*, 309 AD2d 923 [2003]; *Bergen v Bergen*, 299 AD2d 308, 309 [2002]; *Gamba v Gamba*, 253 AD2d 784, 785 [1998]; *Blackman v Blackman*, 131 AD2d 801, 805 [1987]).

The defendant's remaining contentions either are without merit or need not be reached in light of our determination. Dillon, J.P., Balkin, Leventhal and Chambers, JJ., concur.