■ CAF DOWLAH, Appellant, v BILKIS S. DOWLAH, Defendant. VISNICK McGOVERN MILIZIO, LLP, Nonparty Respondent. [931 NYS2d 906]—

Pursuant to CPLR 5015 (a), a court may vacate an order or judgment on several different grounds, including the fraud, misrepresentation, or other misconduct of an adverse party. Here, the plaintiff failed to establish that the money judgment issued in favor of his former wife's attorneys was procured through fraud or other misconduct (*see Gaw v Gaw*, 80 AD3d 557, 558 [2011]; *Katz v Marra*, 74 AD3d 888, 890-891 [2010]; *Gamba v Gamba*, 253 AD2d 784, 785 [1998]), or that any of the other statutory grounds for vacatur set forth in CPLR 5015 (a) apply (*see Alderman v Alderman*, 78 AD3d 621 [2010]). The plaintiff also failed to show that there was a basis to invoke the court's inherent power to vacate the money judgment in the interest of substantial justice (*see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]; *Galasso, Langione & Botter, LLP v Liotti*, 81 AD3d 884, 885 [2011]; *Alderman v Alderman*, 78 AD3d at 622; *Katz v Marra*, 74 AD3d at 891). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was, in effect, to vacate the money judgment.

Further, under the circumstances of this case, the Supreme Court properly exercised its discretion in denying that branch of the plaintiff's motion which was, in effect, to vacate the income execution enforcing the money judgment. The plaintiff failed to demonstrate that protective relief was warranted pursuant to CPLR 5240 or CPLR 5231 (i) (*see generally Guardian Loan Co. v Early*, 47 NY2d 515 [1979]; *see also Nord v Berman*, 5 Misc 3d 1002[A], 2004 NY Slip Op 51150[U] [2004]; *cf. Midlantic Natl. Bank/North v Reif*, 732 F Supp 354 [1990]). Rivera, J.P., Eng, Belen and Austin, JJ., concur.