Rusachenko v Lipkin (2024 NY Slip Op 03194)

Rusachenko v Lipkin

2024 NY Slip Op 03194

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
CARL J. LANDICINO, JJ.

2023-00551
 (Index No. 202263/15)

[*1]Vira Rusachenko, respondent,
v
Victor Lipkin, appellant.

Offit Kurman P.A., New York, NY (Bettina D. Hindin of counsel), for appellant.
Russell Law Group, PLLC, Westbury, NY (Camille O. Russell of counsel), for respondent.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment entered April 15, 2016, the defendant appeals from an order of the Supreme Court, Nassau County (Joseph H. Lorintz, J.), entered November 7, 2022. The order denied the defendant's motion to vacate the judgment of divorce or, in the alternative, certain portions thereof.
ORDERED that the order is affirmed, with costs.
The parties were divorced by a judgment of divorce entered April 15, 2016, which recited that "all economic issues of equitable distribution of marital property, the payment or waiver of spousal support, the payment of counsel and experts' fees and expenses have been resolved by the parties." Thereafter, in July 2022, the defendant moved to vacate the judgment of divorce or, in the alternative, its provisions regarding equitable distribution, arguing, inter alia, that the plaintiff committed fraud. In an order entered November 7, 2022, the Supreme Court denied the defendant's motion. The defendant appeals.
"The court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct," based upon the "fraud, misrepresentation, or other misconduct of an adverse party" (CPLR 5015[a][3]). Contrary to the defendant's contentions, he failed to meet his burden of establishing the existence of fraud, misrepresentation, or misconduct on the part of the plaintiff sufficient to entitle him to vacatur of the judgment of divorce or, in the alternative, its provisions regarding equitable distribution (see O'Mahoney v O'Mahoney, 206 AD3d 819, 821; Dowlah v Dowlah, 89 AD3d 675, 676; Gaw v Gaw, 80 AD3d 557, 558).
The parties' remaining contentions either are without merit, need not be reached in light of our determination, or are not properly before this Court.
LASALLE, P.J., CONNOLLY, GENOVESI and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court