Daniel G-. Albert, J.
Petitioner seeks an order 1 ‘ vacating and setting aside ” proceedings to conduct a sale, pursuant to CPLR 5236, of her estranged husband’s interest in a residence owned by them as tenants by the entirety and presently occupied by petitioner and her four infant children.
The sale of the property, originally scheduled for May 7, 1971, but stayed pending determination of this proceeding, is for the purpose of satisfying a judgment held by respondent against petitioner’s husband in the sum of $502.74 with interest thereon from September 24, 1965.
The petition is grounded upon CPLR 5240 which provides that the court, at any time, may make an order “ denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure. ’ ’
It has been said that this section of the CPLR ‘ ‘ was clearly intended to empower the courts to prevent unreasonable annoyance and abuse in the use of the provisions of article 52 of the CPLR in enforcing judgments * # * [and] to be the equivalent * # * of CPLR 3103 (subd. [a]), which empowers the courts to make protective orders with respect to disclosure” (Cook v. H. R. H. Constr. Co., 32 A D 2d 806, 807 ; see, also, Practice Commentary by Professor David D. Siegel, McKinney’s Cons. Law of N. Y., Book 7B, CPLR 1969 Supp. to 5236).
The uncontroverted facts revealed by the petition persuade the court that this is an instance in which the discretionary protective power of the court, provided by CPLR 5240, should be exercised.
As already noted, petitioner is separated from her husband since 1966, and she resides with her four children, the oldest of whom is 10 years of age, in the residence she and her husband own as tenants by the entirety. Petitioner and the children subsist on a grant from the Nassau County Department of Social Services, out of which she pays approximately $185 monthly toward the mortgage and related carrying charges on the residence. Her concern, while founded partly on the misapprehension that respondent seeks the sale of her interest in the property *793 and that she and the children would be immediately forced to vacate the premises, is that, by virtue of the proposed sale, she and her children will lose their interest in the home and be forced to live elsewhere.
Respondent urges in opposition that it seeks the sale only of the judgment debtor’s interest and that such a sale will not deprive petitioner of her right to continue to reside upon the property since a purchaser would take only her husband’s interest, subject to her equal right of possession and subject to her right to sole ownership of the fee should she survive the judgment debtor.
It is true that respondent holds a judgment against petitioner’s husband and that it has a right to enforce that judgment and to use the processes of CPLR article 52 in that enforcement. The judgment, however, was entered almost six years ago and the execution, upon which the proposed sale is predicated, was obtained in February, 1971. Nothing in the papers submitted demonstrates what if any efforts respondent has otherwise made to compel petitioner’s husband to satisfy the judgment. Other procedures and remedies are available and, upon the circumstances revealed by the papers submitted, the court is of the opinion that to subject petitioner to the consequences that would flow from the transfer of her husband’s interest to a third party and, perhaps more importantly, to subject her children to the risk that their home would be lost entirely if their mother did not survive their father is not warranted.
Petitioner, out of the funds allocated to her by the Department of Social Services, has invested much more in the property than the amount represented by respondent’s judgment. She has been diligent in preserving a home for the children and, apparently, more diligent in that regard than the respondent has been in enforcing its judgment.
This court believes it has the authority under CPLR 5240 to fashion enforcement remedies to the circumstances revealed.
Accordingly, this petition will be granted. The order to be entered herein shall provide for the cancellation of the proposed Sheriff’s sale and prohibit any further attempt to enforce the judgment by a sale of the judgment-debtor’s interest in the subject property except by leave of the court. The order shall also specify that respondent may seek such leave, at any time after one year from the date the order is entered, upon a showing of diligent and unsuccessful attempts to enforce payment of the judgment by other means.