**In re Irving WAXMAN, Debtor.**

**Bankruptcy No. 889–90608–478.**

United States Bankruptcy Court, E.D. New York.

June 19, 1991.

**50**

Kroll & Blachor by Isaac Blachor, New York City, for debtor.

Marilyn Frier, Woodmere, N.Y., Chapter 7 Trustee.

Jeffrey I. Zivyak, New York City, for James P. Miller.

DOROTHY EISENBERG, Bankruptcy Judge.

The Chapter 7 Trustee, seeks the authority to sell the estate's right, title and interest in the Debtor's marital residence which he owns as a tenant by the entirety with his wife for the sum of $8,000.00 to Debtor's spouse. The only creditor of this Debtor's Estate, who has a judgment of over $500,000.00, has objected to the proposed sale of the estate's property based on the fact that a complaint seeking a determination of dischargeability under § 727(a)(5) of the Bankruptcy Code and the dischargeability of the debt under § 525(a) had not yet been determined. The creditor claims that the sale of the Debtor's interest in the real property is premature. He claims that if he is successful in this dischargeability litigation, he would be deprived of his ability to satisfy the non-discharged claim from the Debtor's only significant asset, his interest in his home, either by reason of the wife predeceasing the Debtor, or if the property was sold in its entirety.

This Court finds no basis in law to support the creditor's argument. It further finds, after a duly conducted hearing, that the sale of the property, free of the interest of the co-owner spouse, in this case, would not outweigh the detriment to such co-owner as is required pursuant to section 363(h) of the Bankruptcy Code, and therefore approves the offer made to the Trustee herein for the Trustee's right, title and interest in the Debtor's real property.

## BACKGROUND

The Debtor filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code on May 2, 1989. The Debtor listed his interest, as a co-owner, with his wife as a tenant by the entirety of their residence in West Hempstead, New York. The schedules list the market value of the home at $5,000.00. It does not list any

mortgages encumbering the property. This market value was based upon the Debtor's understanding of applicable New York Law prohibiting partition of a marital residence owned as tenants by the entirety.

The Trustee seeks authority to accept the wife's offer to purchase the estate's right, title and interest in the marital residence for $8,000.00. The offer is based upon a market value placed on the real property of $180,000.00. *See* Debtor's Hearing Memorandum of Law at p. 2. This market value was arrived at by the showing of comparable sales of two recently transferred similar properties. Based on this total market value, the spouse divided by one-half (½) and deducted the Debtor's homestead exemption of $10,000.00 which resulted in a net offer of ten (10%) percent of Debtor's share ($80,000.00) of the value of the residence. The spouse claims this offer represents the value of the Estate's interest in the tenancy by the entirety.

The objecting creditor had obtained a judgment of over $500,000.00 rendered by an Arbitration Panel approximately two (2) months prior to the Debtor's filing his petition. The creditor had commenced an adversary proceeding against Debtor seeking a determination as to the dischargeability of the arbitration award pursuant to 11 U.S.C. § 523(a), as well as to determine whether the Debtor should be denied a discharge pursuant to section 727(a)(5) of the Bankruptcy Code. These proceedings have subsequently been dropped.

While the creditor's discharge and dischargeability proceedings were still pending, the creditor objected to the proposed sale of the estate's interest in the property to the Debtor's wife. The basis of his objection was that to sell the estate's interest in the property now for only $8,000.00 will deprive him of the opportunity to possibly collect more of his judgment if he were to succeed in the non-dischargeability adversary proceeding and the property thereafter sold, or if the Debtor should outlive his wife, that would result in his obtaining fee title to the property by the right of survivorship under New York law, which would then result in a maximum payment to this creditor.

## DISCUSSION

The Debtor's estate as of the date of the filing of the petition consists of all property or interests in property of the Debtor as of the date of the filing of the Petition pursuant to section 541 of the Bankruptcy Code. As of that date, the estate had the rights to the Debtor's interest in the marital residence as a tenancy by the entirety.

Pursuant to section 704 of the Bankruptcy Code, it is the duty of the Trustee to: "(1) collect and reduce to money the property of the estate ... and close such estate as expeditiously as is compatible with the best interests of parties in interest."

 Pursuant to New York Real Property Law as it exists today, a party's interest in a tenancy by the entirety has a dubious and uncertain value. While the interest of a tenancy by the entirety is subject to a judgment lien and may be sold upon levy of execution under New York Law, practicalities of such action are dubious, as a creditor cannot force partition and any purchaser of the Debtor's interest becomes a tenant in common with the other tenant by the entirety, subject to the latter's right of survivorship; additionally, the purchaser steps into the shoes of the tenant whose interest was purchased and is limited to a right to share rents and profits as well as use and occupancy until the tenancy by the entirety is terminated by death, divorce, or in some other way. New York McKinney's CPLR 5240, *In re Morris*, 115 B.R. 752 (Bankr.E.D.N.Y.1990).

 In cases where the estate consists of a tenancy by the entirety interest in real property, the Trustee has only three (3) possibilities available: (a) to sell the Trustee's right, title and interest in and to the Debtor's interest in the real property; or (b) conduct a sale of the entire property, if appropriate, pursuant to section 363(h) of the Bankruptcy Code; or (c) abandon the Trustee's interest in the real property.

The Trustee does not have any other authority in regard to the Debtor's interest in the property.

■ The creditor erroneously believes that if he were successful in barring the discharge of his debt, he would be able to satisfy that judgment out of the Debtor's interest in the real property. This is totally erroneous since as of the date of the filing of the petition, the Debtor's interest has already passed to the Trustee of this Debtor's estate. It is no longer available to any one creditor, not even a judgment creditor with a non-voidable judgment, without further order of this Court.

■ In this instance this creditor, who obtained a judgment within ninety (90) days prior to the filing of the petition, has a voidable judgment and is in essence an unsecured creditor.

■ The only benefit from obtaining a judgment barring the discharge of this debt from this Debtor's estate is to enable the creditor, if successful, to have a claim which survives the discharge by the Debtor of all other scheduled debts. Such a claim remains payable from the Debtor's *future* earnings or assets. Any assets the Debtor may have had as of the date of the filing of the petition are property of the Debtor's estate and are subject to pre-petition claims properly filed in the case. The Trustee holds the Debtor's interest in the real property on behalf of the Debtor's estate and not on behalf of any one creditor. The Estate's property will be distributed to creditors pursuant to the Bankruptcy Code. None of Debtor's property will survive to be available to any pre-petition creditor, even if the debt was found to be non-dischargeable or if the Debtor was denied a discharge.

The only other issue to be determined by this Court is if the offer that has been made to the Trustee is adequate and appropriate in light of the Second Circuit decision in *In re Persky*, 893 F.2d 15 (2d Cir. 1989), and to determine whether the benefit to the estate of a sale of this property free of the interest of the co-owner spouse would outweigh the detriment, if any, to such co-owner.

Under section 363(h) of the Bankruptcy Code, before a sale of the non-filing co-owner's interest could be sold by the Trustee, four (4) conditions must be met:

(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit of the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

(4) such property is not used in the production, transmission or distribution for sale of electric energy or of natural or synthetic gas for heat, light or power.

The Court in *Persky*, interpreting section 363(h) of the Bankruptcy Code, stated that:

Benefit to the estate ... should be analyzed from the standpoint of a sale of the non-debtor wife's entire interest in the property: her present possessory and her survivorship interests ...

The Court further stated that:

In weighing detriment to the non-debtor spouses, a number of variables must be considered when valuing their survivorship interests as well as their present possessory interests: for example, actuarial calculations of the life expectancies of the spouses, respective contributions to the purchase price of a home, tax exemptions available on the property, prospects for acquiring a new home ...

In addition, that Court further stated that the legislative intent of Congress implicitly intended to include non-economic factors in valuing detriment to the co-owner under section 363(h) of the Bankruptcy Code.

■ In this case, the Court held an evidentiary hearing, and although three (3) of the conditions of section 363(h) are clearly satisfied, the Court finds, after considering

the economic as well as the non-economic factors, that the detriment to the non-debtor spouse would exceed the benefit to this estate if the property were sold pursuant to section 363(h).

Based upon the testimony and other evidence adduced at the hearing, the Court makes the following findings of fact:

1. The Debtor is 63 years old and in good health. His wife is 60 years old and in good health.

2. The actuarial tables and calculations of the life expectancy of the Debtor and his wife reveal that she will live approximately eight (8) more years than her husband.

3. The non-filing spouse, made a substantial contribution to the purchase price of the marital residence, as well as substantially contributing to capital improvements that were made on their home.

4. The tax consequences (tax loss) that the non-filing spouse, would incur as a result of a forced sale of the marital residence would total approximately $20,000.00.

5. The Debtor and his wife are practicing orthodox jews involved in religious affairs in their orthodox community. The Debtor and his spouse moved to the town of West Hempstead specifically because it was an Orthodox Jewish community and their home is within walking distance of their synagogue. They have maintained their marital residence in this community continuously for twenty-seven (27) years.

6. The prospects of the spouse acquiring a new residence in the same or a similarly situated Orthodox Jewish community with the proceeds from a forced sale of the marital residence is highly unlikely.

Upon considering the above facts, the Court concludes that the economic detriment to Mrs. Waxman, as well as the non-economic detriment of having to leave her home and community with which she has such strong family and religious ties, outweighs the benefit to the estate. Thus, a sale pursuant to section 363(h) would not be permitted.

## CONCLUSION

 The creditor, having failed to provide adequate reasons in his objection to the proposed sale to the Debtor's spouse of the Trustee's right, title and interest in the real property and there being no other objections by any party in interest to the Trustee's motion to approve the offer, and the Court having weighed the balancing of equities pursuant to the Second Circuit *Persky* decision in regard to sales pursuant to section 363(h) of the Bankruptcy Code, this Court grants the Trustee's motion and authorizes the Trustee to sell the Trustee's right, title and interest pursuant to the offer made by Mrs. Waxman.

SO ORDERED.