■ In the Matter of ABRAHAM NIR et al., Appellants, v

MOSHE NIR, Respondent, and MANIJEH NIR, Intervenor-Respondent.—In a proceeding to recover a sum of money based on the purported failure of the respondent, Moshe Nir, to pay a series of promissory notes, the petitioners appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Wager, J.), dated February 5, 1990, as, in effect, stayed enforcement of a money judgment entered in the petitioners' favor.

Ordered that the order is affirmed insofar as appealed from, with costs.

The petitioners, who are the parents and brothers of the respondent, Moshe Nir, commenced an action to recover on a series of promissory notes he had issued. Nir issued some of the notes to the petitioners subsequent to his commencement of a matrimonial action. Thereafter, a default judgment was entered in favor of the petitioners. The petitioners have sought to satisfy the judgment by bringing a petition pursuant to CPLR 5206 (e), directing the sale of Nir's home. Thereafter, Manijeh Nir, the wife of Moshe Nir, moved for and was granted intervenor status and a stay of enforcement of the judgment.

Because the home, the former marital residence, clearly fits within the definition of marital property set forth in Domestic Relations Law § 236 (B) (1) (c), the petitioners were properly restrained from satisfying the judgment through the sale of the property until the matrimonial action had been fully resolved and Manijeh Nir's share of the marital assets had been established. Sullivan, J. P., Lawrence, O'Brien and Ritter, JJ., concur.