*87 OPINION OF THE COUE.T
Phoebe K. Greenbaum, J.
In this paternity and support proceeding under article 4 of the Family Court Act, the petitioner Tracey Stokley and the respondent Arnold Dorville have filed separate objections to the written findings of fact and final order of support entered by Hearing Examiner Five on November 15, 1997.
This case raises the question of the whether the Hearing Examiner has the authority under section 440 (1) (a) of the Family Court Act to order that payment of retroactive support be held in abeyance when the enforcement and collection services of the Support Collection Unit (SCU) are being utilized and the subject children are not recipients of public assistance.
A review of Family Court Act article 4, specifically Family Court Act § 440 (1) (a), the Practice Commentaries relevant thereto and reported New York case law decisions reveals that their stated analyses do not squarely address the parameters of a Hearing Examiner's authority under these circumstances.
Petitioner Tracey Stokley filed this paternity and child support petition against the respondent Arnold Dorville on October 16, 1995. During the next two years, the matter herein appeared before the Hearing Examiner over the course of several adjourn dates. Subsequently, on October 8, 1997, a hearing was conducted before the Hearing Examiner who reserved decision. Written findings of fact and an order of support were rendered by the Hearing Examiner on November 18, 1997 wherein the respondent was directed to pay child support in the amount of $204.42 semimonthly plus $128.70 semimonthly for child care for a total of $333.12 semimonthly through SCU effective December 1, 1997 and retroactive support was found to be in the amount of $13,580.50 and “The retroactive support balance is held in abeyance pending further order of the court, given Respondent's obligation to contribute to the child care expenses as fully set forth herein.”
Section 111-g of the Social Services Law provides that each social services district “shall make services relating to the establishment of paternity and the establishment and enforcement of support obligations available to persons not receiving family assistance upon application by such persons.”
The petitioner herein applied for SCU enforcement services and that application was granted.
The court file reveals that prospective payments of the final order of support are currently being collected by SCU pursuant *88 to an income execution order issued by SCU under CPLR 5241 (b).
The court’s research has led it to several unpublished decisions where it was held that, in cases involving children receiving public assistance, the Hearing Examiner does not have the authority to hold in abeyance payments of retroactive support or arrears. (See, CSS v Rosado, Fam Ct, NY County 1993, Zuckerman, J., docket No. F3041/89; Matter of CSS v Sprague, Fam Ct, NY County 1993, Bednar, J., docket No. P10138/89; CSS v Febles, Fam Ct, NY County 1991, Gage, J., docket No. P28460/ 90; CSS v Davila, Fam Ct, NY County 1994, Jurow, J., docket No. F23693/92.)
The petitioner objects solely to that part of the Hearing Examiner’s order of support that holds in abeyance payment by the respondent of retroactive support of $13,580.50. In sum, the petitioner’s objections contend that, “There is no basis in law or in fact for the holding in abeyance of retroactive support in whole or in part” and that the Hearing Examiner was mandated under Family Court Act § 440 (1) (a) to order the respondent to commence making prospective payments toward the balance of retroactive support.
The respondent has filed a rebuttal to the objections wherein he states, in essence, that he is currently without funds to pay any amount towards the balance of retroactive support. “In relevant part, FCA §440 (l)(a) states: ‘[a]ny retroactive amount of support due shall be support arrears/past due support and shall be paid in one sum or periodic sums, as the court directs, [and] any amount of temporary support which has been paid to be taken into account in calculating any amount of such retroactive support due. In addition, such retroactive child support shall be enforceable in any manner provided by law including, but not limited to, an execution for support enforcement pursuant to subdivision (b) of section fifty-two hundred forty-one of the civil practice law and rules. When a child receiving support is a public assistance recipient, or the order of support is being enforced or is to be enforced pursuant to section one hundred eleven-g of the social services law, the court shall establish the amount of retroactive child support and notify the parties that such amount shall be forced [sic] by the support collection unit pursuant to an execution for support enforcement as provided for in subdivision (b) of section fifty-two hundred forty-One of the civil practice law and rules, or in such periodic payments as would have been authorized had such an execution been issued. In such case, the court shall not direct the schedule of repayment of retroactive support’ (emphasis supplied)”.
*89 The court finds that since the final order of support is being enforced by SCU (under Social Services Law § 111-g) with respect to the prospective payments, then under the provisions of Family Court Act § 440 (1) (a), SCU is statutorily mandated to collect an additional amount towards the balance of retroactive support by making a schedule of repayment against the respondent and issuing an income deduction order. Consequently, the Hearing Examiner had no authority to direct that payments toward retroactive support be held in abeyance. The authority to determine how retroactive support is to be paid lies entirely with SCU since the final order of support herein is being collected by SCU through its enforcement services. Family Court Act § 440 (1) (a) specifically states, “In such case, the court shall not direct the schedule of repayment of retroactive support.”
The court further finds that under Family Court Act § 440 (1) (a) the power of the Hearing Examiner to direct how retroactive support is to be paid is limited to those instances when the collection and enforcement services of SCU are not being utilized and when the subject child or children are not recipients of public assistance. Even under those circumstances, the court finds that the Hearing Examiner has no authority to hold payment of retroactive support in abeyance and the Hearing Examiner must make an order directing payments of retroactive support “in one sum or periodic sums, as the court directs” and such payments are to be paid concurrent with and in addition to prospective payments of child support. The language of Family Court Act § 440 (1) (a) is not clear on this distinction and this court calls upon the Legislature to correct it. Otherwise, the court can foresee instances where it is likely that the Hearing Examiner and SCU will both issue orders directing payment of retroactive support and thus increase the risk that the amount to be paid by a respondent towards retroactive support will be compounded.
The conclusion that the Hearing Examiner does not have the authority to hold payment of retroactive support in abeyance when SCU is enforcing collection of prospective support payments by means of an income execution is further reinforced by the relevant regulations which govern SCU operations under these circumstances.
In relevant part, 18 NYCRR 347.9 (e) states:
“(e) Calculation of the amount of additional deduction for income execution.
“(1) When an income execution is issued under subdivision (a) or (b) of this section for a debtor who owes arrears/past due *90 support, the SCU must set the amount of the additional deduction to be made from the debtor’s income. Such deduction must be in addition to the amount withheld to ensure compliance with the support obligation directed in the order of support. The amount of the additional deduction must be set as follows * * *
“(ii) If the support obligation is greater than $50 per month, the amount of the additional deduction must be $50 per week or one-half the support obligation at the same frequency as the support obligation, whichever is greater * * *
“(v) Notwithstanding the above subparagraphs, the imposition of the additional deduction cannot cause the total amount to be withheld from the debtor’s income to exceed 40 percent of the earnings of the debtor remaining after the deduction therefrom of any amounts required by law to be withheld (‘disposable income’). To the extent that the additional deduction would otherwise cause the total amount withheld to exceed 40 percent of the debtor’s disposable income, the amount of the additional deduction must be adjusted so as to ensure that the amount withheld does not exceed 40 percent of the debtor’s disposable income.
“(2) The amount of the additional deduction for an income execution must be eliminated by the SCU upon satisfaction of the arrears/past due support. In addition, where the SCU determines that the additional deduction would reduce the debtor’s remaining income below the self-support reserve, the SCU must eliminate or modify the amount of the additional deduction. When the debtor’s remaining income would no longer be less than the self-support reserve, the amount of the additional deduction must be set in accordance with paragraph (1) of this subdivision. Social services districts must maintain on CSMS appropriate documentation of any action to eliminate or modify the amount of the additional deduction.” (Emphasis supplied.)
Federal law requires States to adopt an enforcement plan for withholding support arrears. (42 USC § 666 [b] [1], [2]; § 654 [20] [A].)
The Hearing Examiner’s decision to hold payments of the retroactive support in abeyance was motivated by her acknowledgment that the respondent was directed to pay over $100 semimonthly as a child care add-on and that another add-on for payment towards the balance of retroactive support would cause the respondent financial hardship. From this perspective Family Court Act § 440 (1) (a) may appear harsh on the re *91 spondent because under the circumstances herein, only SCU has the authority to decide how payment of retroactive support is to be made. The authority granted to SCU under 18 NYCRR 347.9 (e) (1) and (2) may also appear harsh on the respondent as a maximum of 40% of his disposable income can be subject to an income execution order to pay for the final order of child support and the SCU administrative add-on for payment of retroactive support. Fixing this percentage is the function of the Legislature, it is not the function of this court to review.
Retroactive support accumulates from the time the petition is filed until an order of support is entered. (Matter of Richardson [Kimberly S.] v Scott M. C., 157 Misc 2d 615 [Fam Ct, Monroe County 1993].) The court acknowledges the motivation for the petitioner’s objections from the viewpoint that she originally filed the petition herein on October 16, 1995 and that a final order of support was not entered until November 18, 1997 primarily because of the difficulties encountered by the petitioner in effectuating service upon a necessary party, i.e., her former husband, and because of the respondent’s challenge to petitioner’s allegation of paternity. Consequently, the passage of two years from the time the petition was filed to the date of entry of the final order of support accounts for the large retroactive support balance of $13,580.50. It is understandable that the petitioner has filed strenuous objections to any further postponement or delay of payment of the retroactive support by the respondent no matter how well intentioned the motivation or reasons of the Hearing Examiner were.
In 1992 Family Court Act § 440 was amended by the Legislature to expressly treat retroactive support the same as arrears and to make such retroactive child support enforceable in any manner provided by law including income executions under CPLR 5241 (b). (See, L 1992, ch 41, § 142.) “Even though § 440(1)(a) refers to any ‘retroactive amount of support due’ as ‘support arrears/past due support,’ the amount due is not really in ‘arrears’ unless the respondent has failed to make previously ordered payments. The payments may be retroactive, but the obligation is a new one.” (Besharov, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 440, 1998 Supp Pamph, at 117.)
The court has no doubt that the relatively large amount of $13,580.50 in retroactive support herein will impact heavily against the respondent once SCU applies its regulations to determine the additional amount of income execution. The respondent should not be treated as if he is being penalized for *92 exercising his right to challenge an allegation of paternity made against him. Although neither the petitioner nor the subject child herein are recipients of public assistance, this court’s concerns of the harsh financial impact that the respondent will experience under the SCU regulations were echoed by the Honorable Mary E. Bednar in her unpublished decision in Matter of CSS v Sprague (supra): “The Court is concerned, however, with the effect that the statutory change which defines retroactive sums as ‘arrears’ will have on respondents who have not, in fact, been delinquent. Frequently proceedings in CSET drag on for months through no fault of respondent. With retroactive sums being treated as arrears, the amount owed by respondent accumulates rapidly. A great inequity may be working here, although in the instant case this is not true as respondent had already accrued excessive arrears in the amount of $6054.”
The court has made its own inquiry into the status of the respondent’s account with SCU and has been advised that SCU has already issued an income execution order against the respondent in the amount of $499.68 semimonthly which includes an administrative add-on of $166.56 as a periodic payment towards the balance of retroactive support. Apparently, SCU has chosen to ignore the Hearing Examiner’s order to hold retroactive support payments in abeyance and has implemented its authority under 18 NYCRR 347.9 and Family Court Act § 440 (1) (a).
If the respondent believes that SCU has issued an income execution for an amount which exceeds the percentages permitted by 18 NYCRR 347.9 then he may assert a “mistake of fact” under CPLR 5241 (a) (8) and request an administrative review before SCU. If the respondent does not prevail at that administrative review then he may have that administrative determination reviewed in Supreme Court by bringing a special proceeding under CPLR article 78.
Accordingly, for all of the reasons stated above, the court finds that where SCU enforcement services are being utilized to collect prospective payments on a final order of support then the Hearing Examiner does not have any authority to hold payments of retroactive support in abeyance and that SCU has the sole authority to determine how retroactive support shall be paid and collected.
The court has reviewed and considered the issues raised by the respondent in his objections and finds that they are without merit.
*93 Accordingly, the objections filed by petitioner Tracey Stokley are granted to the extent that the final order of support entered herein on November 18, 1997 by the Hearing Examiner is modified by deleting the words “retro of $13,580.50 held in abeyance PENDING FURTHER ORDER OF THE COURT” and SCU is directed to continue to collect and enforce payment of the final order of support and the balance of retroactive support by the respondent.
Furthermore, the objections filed by respondent Arnold Dorville are denied in their entirety and the final order of support entered herein on November 18, 1997 is continued except as stated above.