■ In the Matter of FRANKLIN COUNTY DEPARTMENT OF SO-CIAL SERVICES, on Behalf of CHRISTINE L. LAVAIR, Appellant, v JOHN L. MANDIGO, Respondent. (And Three Other Related Proceedings.) [815 NYS2d 758]—Kane, J. Appeals (1) from an order of the Family Court of Franklin County (Heussi, S.M.), entered July 2, 2004, which, inter alia, granted petitioner's applications, in four proceedings pursuant to Family Ct Act article 4, for an order of support, (2) from an order of said court (Main, Jr., J.), entered November 10, 2004, which remanded the matter to the Support Magistrate for further clarification, (3) from an order of said court (Heussi, S.M.), entered January 5, 2005, which clarified the order of support, and (4) from an order of said court (Main, Jr., J.), entered January 14, 2005, which directed the Support Magistrate to issue an amended support order.

Petitioner filed four petitions seeking support for respondent's children, all of whom were receiving public assistance. After a hearing, the Support Magistrate directed respondent to pay $512 biweekly, maintain insurance for the children and pay his pro rata share of medical and child care expenses. The Support Magistrate also ordered that no immediate income execution be issued by petitioner's Support Collection Unit (hereinafter SCU) because such administrative collection would leave respondent with only $500 biweekly to support himself. In response to petitioner's written objections, Family Court remanded to the Support Magistrate for clarification of his order. Upon remand, the Support Magistrate admitted his error in crossing out a paragraph establishing arrears and reiterated his intent to prohibit the SCU from issuing an income execution. Family Court affirmed this order and directed the Support Magistrate to issue an amended order consistent with its decision. Petitioner appeals.

Because the underlying decisions are insufficient to permit intelligent appellate review, we withhold decision and remit. Child support orders for children receiving public assistance

must direct payment to the SCU, which is required to issue an immediate income execution unless "the court finds and sets forth in writing the reasons that there is good cause not to require immediate income withholding" (Family Ct Act § 440 [1] [a], [b] [1] [i]). Good cause under that section means "substantial harm to the debtor," which cannot be established by the mere issuance of an income execution (Family Ct Act § 440 [1] [b] [1]).

Here, the Support Magistrate's stated good cause was that respondent would suffer substantial harm if an income execution were in effect because he would be left with approximately $500 biweekly to support himself. The record does not provide a factual basis for this $500 amount, and it is unclear whether that calculation included subtractions for respondent's pension plan loan repayment, income executions for medical bill judgments or other expenses which are not necessarily proper exclusions or considerations. While the Support Magistrate acknowledges that he erroneously deleted the determined arrearages from his initial order, it is unclear whether he intended to prohibit the SCU from utilizing an income execution to collect current support, arrearages or both, and under which scenario respondent would be left with $500 biweekly. This issue is further confused by discussions at the hearing regarding an income execution in the amount of $300 pursuant to a prior temporary order and how that would be affected by the new order, with the Support Magistrate implying that the $300 would still be deducted from respondent's wages. Under the circumstances, we withhold decision and remit to the Support Magistrate for further proceedings or clarification (*see Matter of Sweedan v Baglio*, 269 AD2d 724, 726 [2000]; *see also Matter of Bianchi v Breakell*, 23 AD3d 947, 949-950 [2005]).

Mercure, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the decision is withheld, and matter remitted to the Family Court of Franklin County for further proceedings not inconsistent with this Court's decision.