■ In the Matter of FRANKLIN COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of CHRISTINE L. LAVAIR, Appellant, v JOHN L. MANDIGO, Respondent. (And Three Other Related Proeedings.) [821 NYS2d 662]—

Kane, J. Appeals (1) from an order of the Family Court of Franklin County (Heussi, S.M.), entered July 2, 2004, which, inter alia, granted petitioner's application, in four proceedings pursuant to Family Ct Act article 4, for an order of support, (2) from an order of said court (Main, Jr., J.), entered November 10, 2004, which remanded the matter to the Support Magistrate for

further clarification, (3) from an order of said court (Heussi, S.M.), entered January 5, 2005, which clarified the order of support, and (4) from an order of said court (Main, Jr., J.), entered January 14, 2005, which directed the Support Magistrate to issue an amended support order.

The Support Magistrate directed respondent to pay $512 biweekly in child support for three of his children who were receiving public assistance. The order directed petitioner's Support Collection Unit (hereinafter SCU) to calculate the amount of retroactive support, but ordered that no immediate income execution be issued by the SCU for current or past due support. Petitioner appealed, seeking an income execution. This Court previously withheld decision and remitted the matter to Family Court for further clarification (28 AD3d 913 [2006]). We now modify the orders to authorize an immediate income execution.

Child support orders for children receiving public assistance must direct payment to the SCU, which is required to issue an immediate income execution unless "the court finds and sets forth in writing the reasons that there is good cause not to require immediate income withholding" (Family Ct Act § 440 [1] [b] [1] [i]). "[G]ood cause shall mean substantial harm to the debtor," but does not include the mere issuance of an income execution (Family Ct Act § 440 [1] [b] [1]). The "good cause" found by the Support Magistrate here was that respondent was left with only $500 biweekly to support himself, after subtracting all amounts currently being deducted from his paycheck, including taxes, FICA, and current child support, as well as a pension plan loan repayment, amounts being garnished to pay a medical bill judgment, and presumably health insurance premiums and union dues.[1] Respondent also provides transportation and some necessities for his oldest child who resides in an out-of-state educational placement.[2] The record contains no information regarding the cost of clothes or transportation provided by respondent for his oldest child, nor any other expenditures made for this child. Neither respondent's expenditure of an unspecified amount of money on one child nor his

---

1. The record does not contain respondent's pay stub nor the actual amounts of all deductions that were relied upon by the Support Magistrate, but respondent is employed by the state and is providing health insurance for the children.

2. Although the Support Magistrate states in his clarification order that the oldest child is not a subject of this proceeding, the order of support correctly lists that child as one for whom respondent is responsible. The hearing transcript indicates that the child receives Social Security income and is no longer receiving public assistance, so respondent's child support obligation was only calculated on the remaining three children.

loan repayment and judgment obligations constitute good cause to prohibit an income execution.

The Support Magistrate appears to have concluded that substantial harm would result to respondent due to the SCU's mandatory collection of past due support if an income execution were ordered. We believe that the Support Magistrate's conclusions were incorrect. In addition to deducting current support, regulations require the SCU to deduct an additional amount toward arrears, equal to the greater of $50 per week or one half the support obligation (see 18 NYCRR 347.9 [e] [1] [ii]). Under the Support Magistrate's calculations, this would have resulted in an additional deduction of $256 biweekly from respondent's net pay of $500. Regulations provide safety valves in the SCU's calculation of additional deductions for arrears, however, including a limit on total deductions to 40% of disposable income and a prohibition on reducing the payor's income below the self-support reserve (see 18 NYCRR 347.9 [e] [1] [v]; [e] [2]). The payor's "disposable income" is defined as "earnings of the debtor remaining after the deduction therefrom of any amounts required by law to be withheld" (18 NYCRR 347.9 [e] [1] [v]; see CPLR 5241 [g]; 5242 [c]), which deductions would not include some of the items considered by the Support Magistrate.

Additionally, the Legislature has determined that support income deductions have priority over any other levies or assignments of income (see CPLR 5241 [h]; 5242 [d]; see also Dawson v Krolikowski, 140 Misc 2d 343, 346-347 [1988]). Support income executions are statutorily limited to a percentage of the payor's disposable income (see CPLR 5241 [g]; 5242 [c]), and other statutes limit the total amount that can be deducted from a person's income (see 15 USC § 1673 [federal Consumer Credit Protection Act limiting to 25% of disposable earnings]; CPLR 5231 [g] [10% of gross income]). Because support income executions have priority, creditor garnishment is not permitted during any pay period in which the amount garnished for support exceeds the permissible statutory percentage for overall levies or assignments (see Long Is. Trust Co. v United States Postal Serv., 647 F2d 336, 341 [2d Cir 1981]; Midlantic Natl. Bank/N. v Reif, 732 F Supp 354, 358 n 2 [ED NY 1990]; Bigness v Obit, 112 Misc 2d 1078, 1079-1080 [1982]). Not having considered this legal priority, the Support Magistrate inappropriately subtracted other debts from respondent's annual salary of over $49,000 when deciding how much money he would have to support himself from each paycheck.

Respondent is responsible for support arrears, yet without an

income execution there is no enforcement mechanism in place to collect any amount toward those arrears. Because we do not find substantial harm to respondent through the issuance of an income execution, especially considering that such an income execution is subject to statutory and regulatory safeguards in the payor's favor, there was no good cause to disallow an income execution. To ensure that ordered support is collected from respondent, the SCU is entitled to issue an income execution (*compare Matter of Stokley v Dorville*, 177 Misc 2d 86 [1998]).

Mercure, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the orders are modified, on the law and the facts, without costs, by deleting so much thereof as prohibited petitioner's Support Collection Unit from issuing an immediate income execution order, and, as so modified, affirmed.