■ In the Matter of TASHUNDA L. DAVIS, Respondent, v MARCUS B. HILLORD, Appellant. [19 NYS3d 783]—

Appeal from an order of the Family Court, Kings County (Lillian Wan, J.), dated January 10, 2014. The order, insofar as appealed from, denied the father's objection to so much of an order of that court (Israella Mayeri, S.M.) dated August 23, 2013, as directed him to pay basic retroactive support in the sum of $1,996.90 for the period from March 13, 2013, until August 23, 2013.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, the father's objection to so much of the order dated August 23, 2013, as directed him to pay basic retroactive support in the sum of $1,996.90 for the period from March 13, 2013, until August 23, 2013, is granted, the order dated August 23, 2013, is modified by (1) deleting the number "$2,704.30" in the table entitled "Obligation Summary" on page one, and substituting therefor the number "$1,136.30," and (2) deleting from the second decretal paragraph on page three of the order, the words "$2,704.30, which consists of $707.40 for child care and $1,996.90 for basic payment," and substituting therefor the words "$1,136.30, which consists of $707.40 for child care and $428.90 for basic payment," and the findings of fact are modified accordingly.

Family Court Act § 440 (1) (a) provides that when an order of support is to be enforced by the support collection unit (hereinafter the SCU), the Family Court must establish the amount of retroactive support (*see* Family Ct Act § 440 [1] [a]; *Matter of Tosques v Ponyicky*, 89 AD3d 1097, 1098 [2011]). "[A]ny amount of temporary support which has been paid [is] to be taken into account in calculating any amount of such retroactive support due" (Family Ct Act § 440 [1] [a]).

Here, in establishing $1,996.90 as the amount of retroactive support owed by the father in the order dated August 23, 2013, the Support Magistrate neither took into account the temporary support payments totaling $1,568 made by the father through the SCU during the retroactive period from March 13, 2013, to August 23, 2013 (*see* Family Ct Act § 440 [1] [a]), nor directed the SCU to reduce the amount of retroactive support calculated in the order by the sum of temporary support payments made by the father through the SCU during the retroactive period (*see e.g. Matter of Franklin County Dept. of Social Servs. v Mandigo*, 32 AD3d 671, 672 [2006]). Accordingly, the father's objection to so much of the Support Magistrate's order as directed him to pay retroactive support in the sum of $1,996.90 for the period from March 13, 2013, until August 23, 2013, should have been granted. Dillon, J.P., Chambers, Austin and Sgroi, JJ., concur.