*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   February 18, 2016            517529
_____

In the Matter of FRANCISCO
    CORDERO,
                        Appellant,

        v
                                        MEMORANDUM AND ORDER

COMMISSIONER OF SOCIAL
    SERVICES, SUPPORT
    COLLECTION UNIT, on Behalf
    of ELIZABETH SORIANO,
                        Respondent.
_____


Calendar Date:   January 8, 2016

Before:   Peters, P.J., Garry, Egan Jr., Devine and Clark, JJ.

_____


        Francisco Cordero, Napanoch, appellant pro se.

        Stephen M. Dorsey, County Attorney, Ballston Spa (Michael
J. Hartnett of counsel), for respondent.

_____


Clark, J.

        Appeal from an order of the Family Court of Saratoga County
(Jensen, J.), entered August 8, 2013, which, in a proceeding
pursuant to Family Ct Act article 4, denied petitioner's
objections to the order of a Support Magistrate.

        Petitioner, the father of a son (born in 1994), has been
incarcerated since 2009.  Although a Warren County Support
Magistrate (Clark Jr., S.M.) suspended petitioner's child support
obligation upon consent in 2012, petitioner continued to owe
retroactive support to Saratoga County for the repayment of
public assistance funds received by the child.  To recoup these

funds, respondent issued an income execution order against petitioner's inmate account, thereby garnishing his weekly "program stipend" from the Department of Corrections and Community Supervision.  Petitioner commenced this proceeding in Saratoga County seeking to, among other things, suspend the income execution order until he has been released from prison and has had an opportunity to obtain employment.  The Support Magistrate (Densmore, S.M.) dismissed petitioner's application for want of jurisdiction, and Family Court denied petitioner's written objections to the Support Magistrate's order.  Petitioner appeals, and we affirm.

Family Ct Act § 440 (1) (a) provides that, where a child has received public assistance, the payment of retroactive child support is to be enforced by the local support collection unit "pursuant to an execution for support enforcement as provided for in [CPLR 5241 (b)], or in such periodic payments as would have been authorized had such an execution been issued.  In such case, [Family C]ourt shall not direct the schedule of repayment of retroactive support."  Inasmuch as it lacked the authority to modify the repayment schedule set by respondent to recoup retroactive support that petitioner owed to Saratoga County, Family Court properly dismissed petitioner's application to suspend the income execution order imposed against his inmate account (see Family Ct Act § 440 [1] [a]; Matter of Tosques v Ponyicky, 89 AD3d 1097, 1098 [2011]; Matter of Commissioner of Social Servs. of City of N.Y. v Daryl S., 235 AD2d 126, 130-131, 133 [1997]; Matter of Stokley v Dorville, 177 Misc 2d 86, 89-92 [Fam Ct, Kings County 1998]).  Petitioner's remaining contentions, to the extent that they have not been addressed, have been considered and found to be lacking in merit.

Peters, P.J., Garry, Egan Jr. and Devine, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court